IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **KEITH ROBERTS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | 8:11CV48 |
| **VALLEY BANK AND TRUST COMPANY,** | ) ) ) | |
| **Defendant.** | ) | |

## STIPULATED PROTECTIVE ORDER

The above-captioned case comes before the Court for consideration pursuant to agreement of the parties for entry of a Protective Order pursuant to the Federal Rules of Civil Procedure, Rule 26(c), to preserve the confidentiality of certain information, documents and records of Plaintiff and Defendant previously produced or to be produced to the opposing party or parties or their respective legal counsel.

WHEREAS, the parties to this litigation anticipate that discovery in this action will result in the production of documents and information which are sensitive, confidential or proprietary in nature; and

WHEREAS, the parties to this litigation anticipate that discovery in this action may include requests for documents and information that the Plaintiff, as a former officer of the Defendant Bank, and the Defendant as a Federally regulated Bank may be prohibited from disclosing pursuant to Federal Regulations; and

WHEREAS, the parties to this litigation wish to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with the minimum of delay and expense.

IT IS HEREBY ORDERED THAT: Documents or information produced by either the Plaintiff or the Defendant which contain information which the producing party requests to be maintained confidential, shall be used only for the purposes of this proceeding and shall be produced, handled, maintained, preserved, or otherwise dealt with pursuant to the following provisions:

1.     All parties are required to comply with any and all State and Federal regulations relating to the disclosure or non-disclosure of documents and information by banking institutions. To the extent either party believes it is prohibited from disclosing any document or information based on State or Federal regulations, upon withholding any such document or information, the withholding party shall notify counsel for the opposing party of the particular regulation upon which the disclosing party bases its belief that its disclosure is prohibited, and counsel for both parties shall work together to resolve such issues. To the extent counsel is unable to resolve such issues regarding regulatory prohibitions to disclosure, the parties shall submit appropriate motions to the Court for judicial determination.

2.     In connection with discovery or other pre-trial proceedings in this action relating to documents and information that are not encompassed within the type of documents and information subject to the preceding paragraph, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order. "Confidential" information is that which either party reasonably believes has not been made public and which concerns or relates to the processes, operations, type of work, sales, purchases, transfers, identification of customers, customer information, loan and credit agreements, policies, amount or source of income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, if the disclosure of such information has the effect of causing harm or potential harm to the competitive position or privacy rights of the person, firm, partnership, corporation, or to the organization from which the information was obtained or of third parties, including but not limited to persons transacting business with any of the parties to this action or their clients/customers.

3.     Documents that contain any information that is confidential under this Order shall be so designated by identifying the documents in a cover letter at time of production or by stamping copies of the document with the legend "CONFIDENTIAL," and may contain such other and further legend as may reasonably be included to specify such confidentiality (hereafter, the "CONFIDENTIAL" legend). Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication to all counsel advising of the portion of the information that is designated Confidential, and all parties shall use their best

efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

4. Deposition, hearing or other testimony may also be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or within thirty days of the designated party's receipt of the transcript or testimony. If designated at the deposition or other proceeding, arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, if possible, and to label such portions appropriately. In the event that it is not possible or counsel for the parties agree that separate binding would be inconvenient, then counsel may designate such portions of the transcript or the whole transcript as "Confidential," as is appropriate to preserve information in accordance with this Order.

5. Information provided in responses to Interrogatories may be designated as Confidential material by the responding party so identifying the same in the response. If Interrogatory responses have been provided prior to the entry of this Order which the responding party wishes to make Confidential within the terms of this Order, then said previously responding party may do so by providing correspondence to all parties' counsel advising of which portion or request responses are deemed Confidential pursuant to this Order.

6. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only for purposes of this case, entitled, *United States of America, ex rel. Keith Roberts v. Valley Bank and Trust Company*, currently pending in the Unites States District Court for the District of Nebraska, bearing case number 8:11CV48. Materials designated as "CONFIDENTIAL" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter, "Confidential Material") shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

7. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), to a mediator agreed to by the parties, and to "Qualified Persons": A Qualified Person is a person who falls into one of the categories set forth in subparagraph (a) below, and has met the requirements of subparagraph (b), below:

(a) (1) a party, or an officer, director, employee or agent of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(2) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

(3) court reporter(s) employed in this action;

(4) a witness at any deposition or other proceeding in this action who has or is reasonably likely to have information relating to such Confidential Material; and

(5) any other person as to whom all parties agree in writing prior to disclosure of Confidential Material to such other person.

(b) Prior to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in Attachment A hereto, a copy of which shall be retained by counsel for the parties.  However, a witness as set forth in subparagraph (a)(4) above who does not sign attachment A hereto may still review confidential material for purposes of their deposition or other proceeding only if that review takes place in the presence of counsel, and the witness returns the documents to counsel after the witness' review is completed.

(1) An officer of any corporation or other business entity executing a Nondisclosure Agreement pursuant to this Order shall be sufficient for purposes of this Order to bring all directors, officers, and employees of said corporation or entity under the authority of this Order.

(2) Access to information, documents or other Confidential Material of plaintiff or defendant shall be limited to attorneys of record and their staff, associates of the attorneys of record and their staff, the parties to this case, including directors, officers and employees thereof, the Court, the court staff, court reporters in connection

        with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation pursuant to this Order or as otherwise stated in this Order.

(3) In the event that any information, document or materials covered by this Order or the contents thereof is to be disclosed to any associate, assistant, expert, consultants, contemplated witness, or employee of counsel, prior to disclosure of such information, documents, or materials, or the contents of such, counsel shall advise such person of the substance of this Order and shall inform such person that neither the information, documents, or materials, nor the content of such shall be copied, used, published or disclosed by such person except in accordance with this Order.

(4) On the request of any party, any non-qualified persons shall be excluded from any deposition during the period in which Confidential Material is discussed.

8. To the extent any of the documents disclosed by the producing party constitute or contain, or may be construed to constitute or contain, "consumer reports" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the producing party is hereby ordered to disclose such documents to the requesting party notwithstanding provisions of the Fair Credit Reporting Act limiting the disclosure of such consumer reports, if the disclosing party is not otherwise protected by the court from making the disclosure on the basis of any claim of privilege, other terms of this Order, or applicable rule of civil procedure or other law.

9. To the extent any of the documents disclosed by producing party constitute or contain, or may be construed to constitute or contain, "nonpublic personal information" as defined by the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6810, the producing party is hereby ordered to disclose such documents to the requesting party notwithstanding provisions of the Gramm-Leach-Bliley Act limiting the disclosure of such nonpublic personal information, if the disclosing party is not otherwise protected by the court from making the disclosure on the basis of any claim of privilege, other terms of this Order, or applicable rule of civil procedure or other law or regulation.

10. Notwithstanding the designation of such documents with respect to the limitations on use and confidentiality placed on recipients of confidential information and documents disclosed pursuant to this order, the recipients of any consumer reports or nonpublic personal information as defined by the statutes referenced in paragraphs 8 and 9 above, shall treat such information and documents as "attorneys' eyes only" and disclose such materials only as permitted thereby.

11. The parties understand that the Bank is required to comply with various regulations and statutes that relate to the privacy of the Bank's customers, and that such regulations may require the Bank to request approval from any customer before it discloses private information in relation to the customer(s). The parties further understand that the Plaintiff, Keith Roberts, as a former officer of the Bank, is similarly prohibited from disclosing Bank customer information which he obtained while an officer of the Bank or due to his having previously been an officer of the Bank without first similarly requesting approval from any customer prior to disclosure of customer information. In order to avoid this cumbersome requirement and its potentially financially detrimental results to the Bank, the parties agree that the parties shall redact from documents and information it produces during the course of this case all names, account numbers, social security numbers, loan numbers, addresses, and other identifying information and information of a personal and private nature which may disclose or be used to determine the identity of the Bank's customers or may disclose private customer financial information. The parties further agree that the producing party who redacts the customer name from documents and information produced may insert a non-descript identifier for such customer (i.e., "Customer H") into the redacted document/information where the customer's name had previously appeared. Parties' counsel are ordered to cooperate together to coordinate appropriate and consistent non-descript identifiers into documents so that the identifier remains consistent throughout all production and trial of the case. The producing party's counsel shall retain a non-redacted copy of all documents which are redacted pursuant to this paragraph, and shall produce such documents pursuant to court order subsequent to appropriate motion by the non-producing party for an in-camera inspection for Court determination as to the appropriateness of disclosure of the redacted information. Should the Court order disclosure of the documents in un-redacted form after an in-camera inspection, such documents may be identified as Confidential Material pursuant to this Stipulated Protective

Order, and shall be disclosed as ordered by the Court with any additional restrictions placed thereon by the Court.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action beyond that otherwise imposed by law, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

13. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any re-disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection this litigation pursuant to this Order be used for any purpose other than in relation to this litigation, that no one be allowed to use any information produced pursuant to this Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future, and that all information revealed pursuant to this Protective Order be protected from public disclosure throughout the litigation and following.

No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or *in-camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

14. The parties hereto agree this protective order does not encompass regulatory materials, such as bank examination reports, etc., that are protected by specific statute and/or regulation(s) which prohibit disclosure of such materials, unless and until such time as agency permission or court order requiring disclosure of such materials is issued, at which time such materials and information shall be automatically and immediately encompassed within this protective order as Confidential Material.

15. Confidential Material shall only be filed before the Court under restricted access or seal pursuant to court rules NECivR 5.3 and 7.5. In addition to being stamped confidential, said documents shall be filed with a label noting they are subject to the January 4, 2013, Protective Order and "CONFIDENTIAL – DISCLOSE ONLY SUBJECT TO COURT ORDER". To the extent any Confidential Material is quoted within or is sufficiently referenced within any pleading, motion or other filing of any party so as to essentially disclose the substance of the Confidential Material, counsel for the filing party shall likewise mark and file such pleading, motion or other filing under restricted access or seal pursuant to this paragraph.

16. In the event that any Confidential Material is used in any proceeding in this action, it shall not lose its confidential status through such use.

17. This Order shall be without prejudice to the right of any party at any time after any document, material, testimony or information is designated to file a motion with the Court (i) to challenge the designation of any particular "Confidential" document or information as confidential or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the designating party; or (ii) seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order. The burden of establishing that any information designated as Confidential Material meets the definition set forth in paragraph 1 above shall be on the party which seeks to uphold the designation.

18. Notwithstanding the provisions of this Stipulated Protective Order, nothing herein shall be deemed to constitute a waiver of the parties' right to raise legitimate objections to discovery requests, including but not limited to objections on the grounds that disclosure of certain documents or information is prohibited by any statute, regulation or rule. The party requesting production or disclosure of any such documents or information shall comply with all statutes, rules and regulations regarding prior authorization or consent of appropriate federal, state or local departments, agencies or other regulatory authorities. Further, nothing herein shall be deemed or constitute a waiver of the parties right to object to the production of information in electronic form, and such information produced shall be kept separate and apart from any and all other electronic databases that the parties and/or their attorneys maintain unless and until the

parties and/or their attorneys obtain court authority to use the electronic data for anything other than the purposes of this lawsuit.

19.    This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action and the Court without involving the Court unnecessarily in the process.  Nothing in this Order nor the reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

20.    This Order shall survive the final termination of this action to the extent that the information contained in Confidential Material does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this action, counsel for the parties shall assemble and return to each other all Confidential Material, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof.

**IT IS SO ORDERED.**

**DATED this 4th day of January, 2013.**

                              **BY THE COURT:**

                              s/ Thomas D. Thalken
                              **United States Magistrate Judge**

# PROTECTIVE ORDER – EXHIBIT A

# NONDISCLOSURE AGREEMENT

The undersigned has read the Stipulated Protective Order entered in the matter of *United States of America, ex rel. Keith Roberts v. Valley Bank and Trust Company*, currently pending in the Unites States District Court for the District of Nebraska, bearing case number 8:11CV48, and agrees to abide by its terms.

_____    _____
   Signature                                                                          Printed Name


_____    _____
Date Signed                                                                     Title/Role in Case of Signor

NOTE:  Legal Counsel is required to preserve/retain the original of this Nondisclosure Agreement pursuant to the terms of the Stipulated Protective Order.  Please provide the original of this Nondisclosure Agreement to legal counsel for one of the parties to the aforementioned suit.